■ In the Matter of ANDRE J. and Two Others. ANGEL GUARDIAN HOME, Appellant; YVONNE D., Respondent.—In proceedings pursuant to

section 384-b (subd 4, par [b]) of the Social Services Law for orders committing the guardianship of three children to the Angel Guardian Home, the home appeals from an order of the Family Court, Kings County, dated October 4, 1979, which denied its motion to vacate the court's order dated June 13, 1979, which dismissed the petitions. Order reversed, motion granted and petitions reinstated, without costs or disbursements. We note that the standards and goals of the Family Court, upon the time limitations of which the petitions herein were dismissed for failure to perfect service within the applicable period, are precatory guidelines designed to aid in the relieving of calendar congestion by the establishment of rules and sanctions relative to the time limitations for fact findings. Notwithstanding the fact that dismissal of a petition is a specified sanction authorized by the standards and goals, we find dismissal of the petitions herein to have been an abuse of discretion. Petitioner's failure to perfect service appears to have occurred solely through error on the part of the newspaper in which publication of service was to be made. In these proceedings to terminate parental custody, dismissal would deprive petitioner of the jurisdiction over the natural mother which it had obtained after much time and difficulty, and it is our opinion that injustice would result were petitioner to be required to commence new proceedings. Hence, we believe petitioner is entitled to reinstatement of the petitions and to a new "order of publication" to effect service over the putative father. We note in this regard the availability of the Family Court Reserve Calendar should it be deemed advisable not to place these proceedings upon the Ready Calendar until such time as service is perfected. Rabin, J. P., Margett, Martuscello and Weinstein, JJ., concur.